UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARROWEED INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA THOMPSON, as personal representative of the Estate of Charles McCarthy; C.C., C.L.C., S.C., G.F., C.H., R.K., C.C.M., D.A.M., R.N., J.R., B.A.T., B.L.T., and S.W.,<br><br>Defendants. | CASE NO. 3:22-cv-06016<br><br>ORDER GRANTING ARROWOOD'S MOTION TO DISMISS |

# 1. INTRODUCTION

This matter came before the Court on Plaintiff Arrowood Indemnity Company's motion to dismiss under Fed. R. Civ. P. 41(a)(2). Dkt. No. 56. For the reasons stated below, the motion is GRANTED.

# 2. BACKGROUND

In the 1980s and 1990s, Defendants C.C., C.L.C., S.C., G.F., C.H., R.K., C.C.M., D.A.M., R.N., J.R., B.A.T., B.L.T., and S.W. ("Individual Defendants") were residents at the Kiwanis Vocational Home. They filed lawsuits in state court

ORDER GRANTING ARROWOOD'S MOTION TO DISMISS - 1

against Defendant Charles McCarthy, who acted as Kiwanis's executive director, and others, alleging various forms of neglect and abuse. *See* Dkt. No. 20.

Arrowood's predecessor, Royal Insurance Company, issued an insurance policy to Kiwanis International, Inc. Dkt. No. 20, ¶¶ 8, 54. Arrowood alleges "Kiwanis International is the first named insured with respect to lawsuits filed against Charles McCarthy or Barbara Thompson . . . relating to alleged sexual abuse of and other harm and other harm to youth residents of the Kiwanis Vocational Home." Dkt. No. 20 ¶ 1. McCarthy tendered the defense and indemnity for an underlying lawsuit to Arrowood on May 15, 2019, which Arrowood accepted under a reservation of rights on March 6, 2020. *Id.* ¶ 63. McCarthy died in 2020, and Thompson became the personal representative for his estate in 2021. *Id.* ¶ 11. Arrowood accepted from McCarthy and Thompson all subsequent tenders of the additional underlying lawsuits and defended McCarthy and his estate in those lawsuits. *Id.* ¶¶ 64, 66.

Arrowood sued Thompson, as personal representative of Charles McCarthy's estate, on December 29, 2022, seeking declaratory judgment and breach of contract. Dkt. No. 1. In its Second Amended Complaint, Arrowood also seeks declaratory judgment regarding its rights and obligations in connection with the claims of the Individual Defendants in the underlying lawsuits. Dkt. No. 20. The Individual Defendants and Thompson have filed answers to Arrowood's lawsuit. Dkt. Nos. 27, 38.

On November 8, 2023, the Court of Chancery of the State of Delaware entered an order finding Arrowood to be insolvent and appointed the Insurance

Commissioner of the State of Delaware as Arrowood's receiver. Dkt. No. 56-1 ¶ 4; Ex. A. The Commissioner then "determined not to pursue this lawsuit further." Dkt. No. 56-1 ¶ 5. For this reason, Arrowood moves to voluntarily dismiss its action against Defendants.

### 3. ANALYSIS

Under Rule 41(a)(1)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," if an opposing party has answered. Fed. R. Civ. P. 41(a)(1)(A)(i). Court action is not necessary for dismissal if a party stipulates to dismissal. Fed. R. Civ. P. 41(a)(1)(A)(ii). "In this circuit, as elsewhere, a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (citing *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982)). In this context, legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Here, the Individual Defendants have stipulated to dismissal of this matter. Dkt. Nos. 56-1 ¶ 7; 57. But Thompson (as personal representative of McCarthy) refused to stipulate to dismissal, nor did she file a response to Arrowood's motion. Dkt. No. 56-1 ¶ 9. According to Arrowood, she refused to stipulate to dismissal "without implementation of language constraining restricting [sic] the Commissioner's rights with respect to this action that would be inconsistent with

the provisions of the Liquidation Order." *See* Dkt. No. 56-1 ¶¶ 9-10. While Thompson may face uncertainty about future action by Arrowood, such uncertainty, or the possible need to defend against Arrowood in another forum, does not constitute prejudice to Thompson. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). Thus, Thompson will not be prejudiced by dismissal of this lawsuit and dismissal is appropriate.

## 4.  CONCLUSION

For the reasons stated above, Arrowood's motion is GRANTED and this lawsuit is DISMISSED without prejudice. This case is CLOSED.

It is so ORDERED.

Dated this 26th day of April, 2024.

Jamal N. Whitehead
United States District Judge